UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

QUALITY RESOURCES, INC.,　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　Plaintiff,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　vs.　　　　　　　　　　　　 )　　　　　Case No. 4:14-CV-1149 (CEJ)
　　　　　　　　　　　　　　　　　　 )
PFIZER, INC.,　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　　　Defendant.　　　　　　　　 )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand this action to the Twenty-First Judicial Circuit Court (St. Louis, Missouri), from which it was removed. Defendant opposes the motion, and the issues are fully briefed.

## I.　　Background

On May 2, 2014, plaintiff filed a two-count complaint against defendant Pfizer, Inc. in the Circuit Court of the County of St. Louis, alleging breach of contract and tortious interference with contracts and business expectancies.　According to the complaint, plaintiff is a Missouri corporation and resident of St. Charles County, Missouri and defendant is a Delaware corporation doing business in St. Louis County, Missouri.　It is further alleged in the complaint that all acts complained of occurred in Missouri, and defendant's principal place of business is in Missouri. On June 26, 2014, defendant removed this action pursuant to 28 U.S.C. §§ 1441 and 1446, contending that complete diversity exists between the parties, providing a basis for jurisdiction pursuant to 28 U.S.C. § 1332(a).　[Doc. #1, ¶ 10].　Plaintiff filed the instant motion to remand, asserting that this Court lacks subject-matter jurisdiction because complete diversity does not exist.　Defendant's memorandum in opposition attached an affidavit to establish that its headquarters are in New York. [Doc. #11, Ex. 1].

## II.    Legal Standard

An action is removable to federal court if the claims originally could have been filed in federal court.  28 U.S.C. § 1441; In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010).  The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence.  Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005).  Any doubts about the propriety of removal are resolved in favor of remand.  Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).  A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction.  28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

Removal in this case was premised on diversity jurisdiction, which requires an amount in controversy greater than $75,000, exclusive of interest and costs, and complete diversity of citizenship among the litigants.[1] 28 U.S.C. § 1332(a).  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

## III.    Discussion

In the notice of removal, defendant contends that diversity jurisdiction exists because defendant is incorporated in Delaware and its principal place of business is in New York, while plaintiff is incorporated and resides in Missouri.  In support of remand, plaintiff points to the following language contained in the contract in dispute:

> **PFIZER INC [defendant] and its affiliates (collectively, "Pfizer"), having its principal place of business at 700 Chesterfield Parkway West, Chesterfield MO 63017."** [Doc. #1-1].

Thus, plaintiff argues, diversity of citizenship is not present.

---

[1] The parties do not contend the amount in dispute requirement.

"In the case of a removed action, diversity [of citizenship] must exist both when the state petition is filed and when the petition for removal is filed." Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2011) (citing Koenigsberger v. Richmond Silver Mining Co., 158 U.S. 41, 49-50 (1895)). The time at which the action is filed for removal is the critical time for determining citizenship. Stevens v. Nichols, 130 U.S. 230 (1889). The contract containing the language plaintiff relies on was executed on October 31, 2008, almost six years before the commencement of this action. The language in the contract is not determinative of the parties' citizenship for purposes of diversity jurisdiction. See Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005) ("Whether diversity of citizenship exists is determined at the time the suit is filed – not when the cause of action arose."); United States v. Afremov, 611 F.3d 970 (8th Cir. 2010) ("[P]arties may not enlarge [federal] jurisdiction by waiver or consent.").

A corporation is deemed a citizen of every state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center" or "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) (abrogating Capitol Indemnity Corp. V. Russellville Steel Co., Inc., 367 F.3d 831 (2004) (applying the "total activity" test to determine principal place of business)). "[I]n practice it should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination." Id. at 93 (explaining that headquarters are not the principal place of business if they are "simply an office where the corporation holds its board meetings").

Here, defendant has pled facts establishing diversity in its notice of removal. Furthermore, defendant has submitted the affidavit of its assistant secretary, identifying Delaware as defendant's state of incorporation and New York is the location of defendant's headquarters where it regularly directs, controls and coordinates its operations. [Doc. #11-1]. See Hill v. Walker, 167 F. 241, 243 (8th Cir. 1909) (finding that the foundation for jurisdiction may be pled in the complaint or other supplemental documents); see also North Star Hotels Corp. v. Mid-City Hotel Assoc., 696 F. Supp. 1265, 1269 (D. Minn. 1988) ("In determining citizenship, the Court may consider affidavits and sworn documents submitted by the parties."). Given the state of defendant's incorporation and the location of its nerve center, the fact that defendant conducts business or has an office in Missouri would not destroy diversity. See Smith v. Ashland, Inc., 250 F.3d 1167 (8th Cir. 2001) ("[C]itizenship based on the location of the principal place of business is valid for diversity purposes, and a corporation's additional presence in another state does not destroy diversity jurisdiction."); cf. Reece v. Bank of New York Mellon, Nos. 12-3526, 13-1245, 2014 WL 3714782, *4 (8th Cir. July 23, 2014) (stating that residency and citizenship are "not interchangeable").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #9] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2014.