UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUALITY RESOURCES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-1149 (CEJ) |
| ) | |
| PFIZER, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint for failure to state a claim for relief, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a timely response, and the issues are fully briefed.

Plaintiff brings this action, asserting claims of breach of contract (Count I) and tortious interference with contracts and business expectancies (Count II). Defendant argues that the allegations of the complaint are insufficient to support either claim.

I. **Background**

Plaintiff Quality Resources, Inc. provides temporary staffing services to businesses. Plaintiff has written and oral contracts with the workers it employs for the temporary assignments. Pursuant to the terms of a "Professional Services Agreement" dated October 31, 2008, plaintiff agreed to provide temporary personnel to defendant Pfizer Inc.

The Professional Services Agreement is attached to the complaint. The provisions of the contract regarding termination are set forth in Paragraph 3. Paragraph 3.2 provides, in relevant part:

> Either party may terminate this Agreement without cause upon thirty (30) days prior written notice to the other party; **provided**, **however**, Pfizer shall have the right at any time to (a) terminate any portion or request for Services by providing Contractor with five (5) days prior written notice . . .

Compl., Ex. 1 (emphasis in original)

Paragraphs 3.3 and 3.4 describe the plaintiff's obligation to return to defendant all materials related to the services provided and all property (*i.e.*, advertising materials, copyrighted works, etc.) owned by defendant upon termination of the contract. The defendant's obligation to pay for services rendered up to the date of termination is set forth in Paragraph 3.5. Id.

In Paragraph 10.1 of the contract, the parties agreed:

> Contractor shall render the Services as an independent contractor and acknowledges that Contractor, its personnel, or employees are not employees of Pfizer . . . Contractor shall remain solely liable for all aspects of the employment of such persons, including, without limitation, recruitment, hiring, firing, training, promotion, compensation, all payroll taxes and other deductions and all premiums or payments made for workers compensation coverage, unemployment benefits or any other payments requires by law to be made by employers for or on behalf of employees.

Id.

In Paragraph 13.2, the parties agreed that "[t]he provisions, terms and conditions of this Agreement . . . constitute the entire agreement of the parties with regard to the subject matter of this Agreement and supersede any prior agreements whether oral or written." Id. The parties further agreed that the contract would be construed under New York law.

There is no provision in the contract that prohibits or restricts in any manner the defendant's hiring of personnel supplied by plaintiff, either during the contract term or after termination or expiration.

2

In June 2013, defendant notified plaintiff that it would no longer use plaintiff's services. Later, however, plaintiff discovered that defendant was still using plaintiff's employees and was paying them directly or through another temporary staffing agency.

II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also id. at 563 (stating the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

When ruling on a motion to dismiss, a court generally may not consider matters outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). It may, however, consider matters of

public records, materials that do not contradict the complaint, exhibits attached to the pleadings, and materials necessarily embraced by the complaint. Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010). In this case, plaintiff attached a copy of the Personal Services Agreement which it entered into with defendant. The contract is necessarily embraced by the complaint, and the Court may consider it in ruling on the motion to dismiss.

### III. Discussion

#### A. Applicable Law

Federal courts sitting in diversity apply the forum state's choice-of-law principles. Am. Guarantee & Liab. Ins. Co. v. U.S. Fidelity & Guar. Co., 668 F.3d 991, 996 (8th Cir. 2012). "Missouri courts generally recognize that parties may choose the state whose law will govern the interpretation of their contractual rights and duties" [and] "will honor the parties' choice of law provision if the application of the law is not contrary to a fundamental policy of Missouri." Davidson & Assocs., Inc. v. Internet Gateway, Inc., 334 F. Supp. 2d 1164, 1176 (E.D. Mo. 2004) (citing Peoples Bank v. Carter, 132 S.W.3d 302, 304 (Mo. Ct. App. 2004)). Finding no conflict with public policy and no dispute among the parties as to the controlling law, the Court will apply New York law with respect to the breach of contract claim.

#### B. Breach of Contract – Count I

To state a claim for breach of contract under New York law, a plaintiff must allege (1) the existence of an agreement, (2) performance of the agreement by one party, (3) breach by the other party, and (4) damages. Oppman v. IRMC Holdings, Inc., 836 N.Y.S.2d 494, *4 (N.Y. Sup. Ct. 2007).

The plaintiff's breach of contract claim is based on the allegation that after giving notice of termination, defendant continued to use the personnel plaintiff had provided, "paying them directly or through another vendor, and bypassing the obligations under the contract with the plaintiff." Compl. ¶8. In response to the motion to dismiss, plaintiff states: "It is the Plaintiff's position that if the defendant terminates the Plaintiff's services, which it had a right to do under the contract, it can no longer continue to use Plaintiff's inventory, the employees, without paying for it. That is the breach; that is exactly what was done here and that is in the pleadings." Mem. in Opp., ECF # 10, p.2.

Contrary to plaintiff's assertion, there is no provision in the contract that pertains to the return of "inventory" to plaintiff upon termination or expiration. Further, no provision of the contract prohibited defendant from hiring a worker supplied by plaintiff. The contract also did not prohibit defendant from contracting with other temporary staffing agencies for their services. Because of the integration clause in Paragraph 13.2, the rights and obligations of the parties are governed by the terms of their written agreement. See CMI II, LLC v. Interactive Brand Dev., Inc., 824 N.Y.S.2d 753, *4 (N.Y. Sup. Ct. 2006) (quotations and citation omitted) ("an integration clause makes the written documents themselves the exclusive evidence of the parties' intent."). Because the conduct of the defendant is not prohibited by the contract, plaintiff cannot establish a claim for breach. See Hermandad Y Asociados, Inc. v. Movimiento Misionero Mundial, Inc., 880 N.Y.S.2d 873, *3 (N.Y. Sup. Ct. 2009) ("Under New York law, it is axiomatic that in order to prevail on a breach of contract claim, a plaintiff must establish all . . . four elements . . . ."). "[I]t is not the province of the courts to relieve a party

5

from the consequences of an agreement that is later discovered to be a bad bargain." Bradco Homes, Inc. v. Gellert, 636 N.Y.S.2d 202, 204 (N.Y. App. Div. 1996) (internal quotations and citation omitted).

Even if the contract itself was not breached, plaintiff argues that defendant breached the implied covenants of good faith and fair dealing. See, e.g., M. O'Neil Supply Co. v. Petroleum Heat & Power Co., 19 N.E.2d 676, 678 (N.Y. 1939) ("Every contract implies good faith and fair dealing between the parties and the promise of defendant will be implied if not found in the express terms of the contract."). "This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Medinol Ltd. v. Boston Scientific Corp., 346 F. Supp. 2d 575, 625 (S.D.N.Y. 2004) (quotations and citation omitted). "A breach of the duty of good faith and fair dealing is considered a breach of contract." Fishoff v. Coty Inc., 634 F.3d 647, 653 (2d Cir. 2011). "For a complaint to state a cause of action alleging breach of an implied covenant of good faith and fair dealing, the plaintiff must allege facts which tend to show that the defendant sought to prevent performance of the contract or to withhold its benefits from the plaintiff." Aventine Inv. Mgmt., Inc. v. Can. Imperial Bank of Commerce, 697 N.Y.S.2d 128, 130 (N.Y. App. Div. 1999).

The obligation of good faith and fair dealing is implied "in aid and furtherance of other terms of the agreement of the parties." Murphy v. Am. Home Prods. Corp., 461 N.E.2d 86, 91 (N.Y. 1983). "No obligation can be implied, however, which would be inconsistent with other terms of the contractual relationship." Id. Imposing an obligation upon defendant to refrain from employing any of plaintiff's

temporary employees following termination of the agreement is inconsistent with both the integration clause in the contract and the absence of any term expressly or impliedly restraining defendant's ability to hire those employees. Thus, the theory asserted by plaintiff is unavailing.

### C. Tortious Interference – Count II

Plaintiff also alleges that defendant tortiously interfered with plaintiff's contracts with its temporary employees by establishing independent employment relationships with its employees and discontinuing its payments to plaintiff for the profits derived from the employees' labor. To establish a claim of tortious interference, a plaintiff must allege (1) a valid business expectancy, (2) defendant's knowledge of the relationship, (3) a breach induced or caused by defendant's intentional interference, (4) absence of justification, and (5) damages. Stehno v. Sprint Spectrum, L.P., 186 S.W.3d 247, 250 (Mo. banc 2006).

Plaintiff has failed to allege facts supporting the elements of a tortious interference claim. The complaint contains no allegation that plaintiff's employees breached or violated the terms of their contracts with plaintiff. The allegation that defendant "took over the employment relationship of each employee and paid them directly" is insufficient to demonstrate that the employees breached an ongoing, binding business relationship or expectancy. Compl. ¶ 12. In the complaint, plaintiff does not cite to any provisions in the contracts it had with its employees restricting them from being employed by defendant.

Additionally, plaintiff fails to sufficiently allege an absence of justification. "Absence of justification is the absence of any legal right on the part of the defendant to take the actions about which a plaintiff complains." Baldwin Props.,

7

Inc. v. Sharp, 949 S.W.2d 952, 956 (Mo. Ct. App. 1997) (quotations and citation omitted). As discussed above, the contract does not expressly or implicitly prohibit the defendant from hiring the temporary employees plaintiff supplied. In the absence of any allegation of any other independent unlawful conduct or improper means, the absence of justification element cannot be established.

* * *

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. #5] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion to schedule a Rule 16 conference [Doc. #14] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of January, 2015.